UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| MICHAEL CLAVIER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:05CV863 CDP |
| | ) | |
| UNKNOWN GOODSON, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

Michael Clavier is a state prisoner seeking monetary and injunctive relief pursuant to 42 U.S.C. § 1983. He alleges violations of his rights to due process, equal protection and freedom from cruel and unusual punishment concerning an incident where prison staff gave him the choice of forcing himself to regurgitate his stomach contents or spend time in a "dry-cell." Defendants seek dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6), asserting that Clavier failed to exhaust the prison administrative grievance system, that defendants are protected by qualified immunity, and that plaintiff has insufficiently plead his equal protection claim. Because of a lack of factual basis on which to find that plaintiff has not exhausted his administrative remedies, I can not grant dismissal on that ground. However, I do find that the defendants are protected by qualified immunity and therefore dismiss this case.

## I.  Background

Plaintiff, Michael Clavier, is incarcerated at the Farmington Correctional Center.  Defendants Goodson, Toppins and Wilson are prison officials at that facility.  On May 27, 2005, Clavier filed this suit alleging multiple violations of his constitutional rights stemming from an incident on December 25, 2004.  On that date, Clavier was suspected of ingesting illegal drugs after a visit with his fiancé where they ate some candy and chips.  Defendants gave him the choice between forced regurgitation and spending time in a "dry-cell."  Clavier chose the first option; he drank water and put his finger down his throat, which caused him to vomit multiple times.

Clavier admits that there is a prisoner grievance procedure at the institution where he is incarcerated.  He filed an Informal Resolution Request (IRR) on March 9, 2005.  However, the IRR was filed more than 15 days from the date of the incident and Clavier failed to provide any reason for the delay in filing, so the prison officials provided no recommendations for redress.  Clavier considers the system's reliance on the expiration of the time limit to be an avoidance of review such that "defendants have voluntarily proffered exhaustion of all administrative remedies available" to him.

## II. Discussion

A defendant may move to dismiss a claim "for failure to state a claim upon which relief can be granted" under Rule 12(b)(6), Fed. R. Civ. P. The purpose of a motion to dismiss under Rule 12(b)(6) is to test the legal sufficiency of the complaint. A complaint should not be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts in support of its claim entitling it to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Young v. City of St. Charles, Mo., 244 F.3d 623, 627 (8th Cir. 2001). When considering a motion pursuant to Rule 12(b)(6), the factual allegations of a complaint are assumed true and are construed in favor of the plaintiff. Neitzke v. Williams, 490 U.S. 319, 326 (1989).

Defendants have moved for dismissal, arguing that this suit is barred by Clavier's failure to exhaust administrative remedies as mandated by the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a). They also argue that as state actors they are protected under the doctrine of qualified immunity, and that Clavier's pleadings contain insufficient allegations to sustain an equal protection claim.

### A. Exhaustion of Administrative Remedies

The PLRA requires a prisoner to exhaust administrative remedies before filing suit: "No action shall be brought with respect to prison conditions under

section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).  Congress's goal in enacting this statute was "to reduce the quantity and improve the quality of prisoner suits; to this purpose, Congress afforded corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case."  Porter v. Nussle, 534 U.S. 516, 524-25 (2002).  Administrative remedies could eliminate the need for further litigation, weed out frivolous claims, or, at the least, create an administrative record for use in court.  Id. at 525.  "Even when the prisoner seeks relief not available in grievance proceedings, notably money damages, exhaustion is a prerequisite to suit."  Id. at 524 (citing Booth v. Churner, 532 U.S. 731, 741 (2001)).  "[A]n inmate must exhaust administrative remedies *before* filing suit in federal court. . . . If exhaustion was not completed at the time of filing, dismissal is mandatory."  Johnson v. Jones, 340 F.3d 624, 627 (8th Cir. 2003).

The Eighth Circuit does not consider the PLRA's requirement of exhaustion of administrative remedies to be a heightened pleading requirement.  It is an affirmative defense, which the defendant has the burden of pleading and proving. Foulk v. Charrier, 262 F.3d 687, 697 (8th Cir. 2001)(citing Chelette v. Harris, 229 F.3d 684, 686-88 (8th Cir. 2000)).  See also Nerness v. Johnson, 401 F.3d 874, 876

(8th Cir. 2005).

Clavier's complaint admits that a prisoner grievance system exists at the Farmington Correctional Center, but he believes that the denial of his IRR, on the technical grounds that it was filed late, was enough to establish exhaustion of all administrative remedies. State defendants rely on an Eastern District of Missouri case to establish that the Missouri Prison System has a four-step procedure for dealing with inmate grievances. See Defs.' Mem. in Supp. at 3 (citing Smith v. Stubblefield, 30 F.Supp.2d 1168, 1174 (E.D. Mo. 1998)). However, in another case involving the question of whether an inmate exhausted remedies before filing suit under § 1983, the defendant pointed to the same Eastern District case to establish the prisoner grievance process and the Eighth Circuit found that reliance on "a wholly unrelated district court case ... does not establish the administrative rules applicable" to the plaintiff in this case "at the time and place, and under the circumstances, of his incarceration." Foulk, 262 F.3d at 698. The court stated that the defendants must provide evidence in the record describing the prisoner grievance process relevant to the particular plaintiff in order to establish a sufficient factual basis on which to find that the plaintiff failed to exhaust his administrative remedies. Id.

The burden is on the defendant to show that the plaintiff failed to exhaust all

available administrative remedies under the PLRA. Foulk, 262 F.3d at 697. Clavier states in his complaint that he did present the facts at issue to the prison grievance system. Defendants have submitted no exhibits or affidavits establishing what the prison grievance procedure is at the Farmington Correctional Center, nor have they submitted evidence that Clavier has not exhausted all remedies available to him through that grievance procedure. They have not built a factual basis on which this Court can find that Clavier failed to exhaust administrative remedies. Therefore, I will not grant the motion to dismiss on the grounds of failure to exhaust administrative remedies.

### B. Qualified Immunity

Prison officials are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). The Supreme Court has explained that the contours of a right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right. The action by the official does not have to have been previously held unlawful for a denial of qualified immunity. But in light of the pre-existing law, the unlawfulness of the action must be apparent. Anderson v. Creighton, 483 U.S. 635, 640 (1987).

The Court has found no Eighth Circuit case, and none has been referenced by the parties in their briefs, where the issue of forced regurgitation is evaluated in light of the Eighth Amendment. A case from the Ninth Circuit, granting qualified immunity protection to prison officials, discusses and endorses the prison's policy of using the "dry cell" or "feces watch" procedure to prevent the infiltration of illegal drugs into the facility. Mendoza v. Blodgett, 960 F.2d 1425, 1431 (9th Cir. 1992). The Tenth Circuit considered a case where a prisoner was forced to consume large quantities of water to the point of regurgitation. In that unpublished opinion the court found the facts constituted a prima facie allegation of an Eighth Amendment violation and reversed the district court's dismissal of the claim. Weaver v. Furlong, 74 F.3d 1250, **1 (10th Cir. 1996)(unpublished).

Clavier alleges that he was given a choice by prison officials. He had to either force himself to regurgitate the contents of his stomach or be put in a dry cell for observation. The defendants justify their action by stating that extensive measures are required to keep the prison facility free of illegal drugs. They argue that "it is certainly not conscience-shocking for prison personnel to ask a prisoner to regurgitate the contents of his stomach in an effort to prevent illegal drugs from entering the prison." Defs.' Mem. in Supp. at 4. The dry cell procedure is commonly used as a method of preventing the admittance of illegal drugs into a

prison facility, and Clavier admits that its use does not violate the Constitution.

Malicious and sadistic use of force by a prison official against a prisoner, done with intent to injure and causing actual injury, is enough to establish a violation of Eighth Amendment's cruel and unusual punishment clause and preclude the defense of qualified immunity. <u>Foulk</u>, 262 F.3d at 702. However, in this case Clavier had a choice between the dry cell and regurgitation. Admittedly, neither option is pleasant. However, Clavier chose the regurgitation option instead of the option that was an established prison procedure and violates no Eighth Amendment rights. As the regurgitation was Clavier's choice, there is no basis for finding that the state defendants maliciously and sadistically used force with the intent to injure.

The defendants provided Clavier with an alternative to give him the option of avoiding the dry cell. Clavier has not shown that this violated any clearly established constitutional right. Moreover, a reasonable official in the position of one of the defendants would not understand that giving a prisoner such a choice violated the prisoner's constitutional or statutory rights. Therefore, the defendants are protected by qualified immunity in this case and they can not be held liable for civil damages. Because this case can be decided on the issue of qualified immunity, I need not decide defendants' third argument concerning the sufficiency of the equal protection claim.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss [#12] is GRANTED on the grounds of protection by qualified immunity for the state defendants.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 30th day of November, 2005.